IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TREVOR ROBINSON, #M39655, <br><br>      Plaintiff, <br><br>v. <br><br>C/O ROWLAND, SGT DAVIS, MAJOR TORVILLE, NURSE WILLIAMS, NURSE CRAIN, and JANE DOE, <br><br>      Defendants. | Case No. 22-cv-01786-SPM |

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Plaintiff Trevor Robinson, an inmate of the Illinois Department of Corrections ("IDOC"), filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights at Menard Correctional Center. The Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

### THE COMPLAINT

Plaintiff states that on October 4, 2021, he started to have chest pains and breathing problems. (Doc. 1, p. 2). He submitted a sick call request that day regarding his symptoms. The next day, his chest pain and breathing problems continued. Plaintiff spoke to Correctional Officer Rowland about his medical issues and asked for a "med tech." Rowland told Plaintiff that he would return after he finished with inmate count check. Later that afternoon, Plaintiff again asked

Rowland about the med tech, and Rowland admitted he had forgotten and told Plaintiff to remind him in the morning. (*Id.*). The officer who came the next day to do the "inmate count check" was not Rowland.

On October 6, 2021, Plaintiff asked Jane Doe, a medical technician who was passing out medication, if he could speak with her because he was having medical issues. (Doc. 1, p. 4). Jane Doe told Plaintiff she could not help him at the moment because she was passing out medication. Plaintiff asked her if she could turn in a sick call request for him, and she said yes. (*Id.*).

Plaintiff submitted a grievance on October 10 requesting medical treatment and stating that he had submitted sick call requests and talked to staff but had not received an appointment. (Doc. 1, p. 6, 11). He also grieved that his symptoms were getting worse. The health care unit administrator, Angela Crain, responded stating that the health care unit had not received a written request from Plaintiff for nurse sick call since July. (*Id.* at p. 10).

On October 11, 2021, Plaintiff informed Sergeant Davis that he was experiencing chest pain and difficulty breathing and that he had filed a grievance and spoken with Correctional Officer Rowland regarding his medical issues. (Doc. 1, p. 4). Davis told Plaintiff that there were nurses out sick and so the health care unit was short staffed. Plaintiff told Davis that he needed medical attention because his symptoms were getting worse. Davis told Plaintiff, "I'm going to see if I can get help for you," and left. Davis did not return. (*Id.* at p. 5).

On October 13, 2021, Plaintiff told Major Torville about his medical issues. (Doc. 1, p. 5). Torville told Plaintiff that he would help him when he was finished doing his "walk through," but Torville never came back to help him. (*Id.*).

Plaintiff then submitted a second grievance dated October 22, 2021. Again, Plaintiff complained of chest pain and breathing problems and states he has not been seen by a nurse or doctor. (Doc. 1, p. 14). Contrary to her first response, in answering this grievance, Crain stated

that the health care unit received a nurse sick call request from Plaintiff dated October 7, 2021, and that Plaintiff was seen by a nurse on October 8. (*Id.* at p. 7, 13).

On October 27, 2021, Nurse Williams came to Plaintiff's cell to do a wellness check and to renew his Xopenex inhaler. (Doc. 1, p. 5). Plaintiff told Williams of his symptoms and that he was still going to need to see a doctor. Williams told Plaintiff that she was going to write his name down so he could be scheduled for a sick call pass. (*Id.*). Plaintiff did not have a sick call appointment until December 2, 2021. (*Id.* at p. 7). He asserts that he experienced a "great deal of pain which effected his daily activities" until he was seen by a nurse at the December 2 appointment.

## DISCUSSION

Based on the allegations in the Complaint and Plaintiff's articulation of his claims, the Court designates the following claim in this pro se action:

**Count 1:** Eighth Amendment deliberate indifference claim against Rowland, Davis, Torville, Williams, Crain, and Jane Doe for denying and/or delaying Plaintiff treatment for his serious medical condition of chest pain and difficulties breathing.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly*[1] pleading standard.**

The Eighth Amendment prohibits the deliberate indifference to a prisoner's "serious medical needs," as deliberate indifference "constitutes the unnecessary and wanton infliction of pain forbidden by the Constitution." *Rodriguez v. Plymouth Ambulance Serv.,* 577 F.3d 816, 828 (7th Cir. 2009) (internal quotations omitted). To successfully state an Eighth Amendment claim of

---

[1] *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

deliberate indifference, a plaintiff must plead that the defendant knew of a serious risk of harm and consciously disregarded it. *See Giles v. Godinez*, 914 F. 3d 1040, 1049 (7th Cir. 2019). A claim does not rise to the level of an Eighth Amendment violation, however, unless the alleged conduct was "deliberate or otherwise reckless in the criminal law sense, which means that the defendant must have committed an act so dangerous that his knowledge of the risk can be inferred or that the defendant actually knew of an impending harm easily preventable." *Antonelli v. Sheahan,* 81 F.3d 1422, 1427 (7th Cir. 1996).

The allegations in the Complaint are not sufficient to state a claim for deliberate indifference. The Court cannot infer from the facts that Defendants' responses to his complaints rose to the level of criminal recklessness required for a constitutional violation. At this point, given the limited interaction Plaintiff had with each Defendant, their conduct seems to be simply inadvertent error, negligence, or even ordinary malpractice. *See Owens v. Duncan,* 788 F. App'x 371, 374 (7th Cir. 2019) (finding that the plaintiff had failed to state a claim for denial of adequate medical care where he alleged only a single interaction with each defendant). Accordingly, Count 1 is dismissed without prejudice.

Because Plaintiff has failed to state a claim for relief, the Complaint does not survive preliminary review under Section 1915A. Plaintiff will be given an opportunity to replead his claims in an amended complaint if he wishes to proceed with this case.

## DISPOSITION

For the reasons stated above, the entire Complaint is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

Plaintiff is **GRANTED** leave to file a "First Amended Complaint" on or before **July 24, 2023**. Should Plaintiff fail to file a First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for

failure to state a claim, failure to comply with a court order, and/or for failure to prosecute his claims. FED. R. CIV. P. 41(B); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga,* 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2).

It is strongly recommended that Plaintiff use the civil rights complaint form designed for use in this District. He should label the form, "First Amended Complaint," and he should use the case number for this action (No. 22-cv-01786-SPM). To enable Plaintiff to comply with this Order, the Clerk is **DIRECTED** to mail him a blank civil rights complaint form.

An amended complaint generally supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am*., 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The First Amended Complaint must stand on its own without reference to any previous pleading. Plaintiff must re-file any exhibits he wishes the Court to consider. The First Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915A.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 7 days after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:   June 27, 2023**

      *s/Stephen P. McGlynn*
**STEPHEN P. MCGLYNN**
**United States District Judge**