IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TREVOR ROBINSON, #M39655, <br><br>    Plaintiff, <br><br> v. <br><br> C/O ROWLAND, <br> SGT DAVIS, <br> MAJOR TORVILLE, <br> NURSE WILLIAMS, <br> NURSE CRAIN, and <br> JANE DOE, <br><br>    Defendants. | Case No. 22-cv-01786-SPM |

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

  Plaintiff Trevor Robinson, an inmate of the Illinois Department of Corrections ("IDOC"), filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights at Menard Correctional Center. The First Amended Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

### THE FIRST AMENDED COMPLAINT

  Plaintiff alleges that Nurse Williams, Nurse Crain, and Medical Technician Jane Doe failed to treat him for breathing problems and chest pains during the COVID-19 pandemic. (Doc. 11, p. 6). It is documented that Plaintiff has asthma, and Williams, Crain, and Jane Doe neglected to follow proper protocol for COVID-19 safety. They did not test him for corona virus or give him medical treatment for his breathing problems and chest pains. (*Id.*).

Plaintiff also alleges that Correctional Officer Rowland, Sergeant Davis, and Major Torville neglected to help him seek medical attention "as soon as [he] made the aware" of medical issues. (Doc. 11, p. 6).

### DISCUSSION

Based on the allegations in the First Amended Complaint, the Court designates the following claim in this pro se action:

> **Count 1:** Eighth Amendment deliberate indifference claim against Rowland, Davis, Torville, Williams, Crain, and Jane Doe for denying and/or delaying Plaintiff treatment for his serious medical condition of chest pain and difficulties breathing.

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the First Amended Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly*[1] pleading standard.**

The Eighth Amendment prohibits the deliberate indifference to a prisoner's "serious medical needs," as deliberate indifference "constitutes the unnecessary and wanton infliction of pain forbidden by the Constitution." *Rodriguez v. Plymouth Ambulance Serv.,* 577 F.3d 816, 828 (7th Cir. 2009) (internal quotations omitted). To successfully state an Eighth Amendment claim of deliberate indifference, a plaintiff must plead that the defendant knew of a serious risk of harm and consciously disregarded it. *See Giles v. Godinez*, 914 F. 3d 1040, 1049 (7th Cir. 2019). A claim does not rise to the level of an Eighth Amendment violation, however, unless the alleged conduct was "deliberate or otherwise reckless in the criminal law sense, which means that the defendant must have committed an act so dangerous that his knowledge of the risk can be inferred or that the defendant actually knew of an impending harm easily preventable." *Antonelli v. Sheahan,* 81 F.3d

---

[1] *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

1422, 1427 (7th Cir. 1996).

Plaintiff has again failed to plead facts from which the Court can plausibly infer deliberate indifference on the part of Defendants, and Count 1 will be dismissed. Plaintiff does not describe his interactions with each Defendant or their involvement with his medical care. Plaintiff states that Defendants Williams, Crain, and Jane Doe "neglected" to treat his breathing problems and chest pains according to proper COVID-19 protocols, and Defendants Rowland, Davis, and Torville "neglected" to help him. These statements are conclusory and not sufficient to state a claim. *See Hanks v. Hubbard,* No. 21-2504, 2022 WL 356732, at *3 (7th Cir. 2022) (courts "do require more than speculative and conclusory allegations") (citing *Twombly,* 550 U.S. at 554-56)). Additionally, "negligence, or even gross negligence does not equate to deliberate indifference" and does not violate the Eighth Amendment. *Johnson v. Dominguez,* 5 F.4th 818, 825 (7th Cir. 2021).

According to the grievances attached as exhibits to the First Amended Complaint, Plaintiff was treated by Nurse Williams for shortness of breath and chest pain on October 27, 2021, and Nurse Crain is the person who responded to two of his grievances in October 2021. But these grievances do not assist Plaintiff in pleading that any of Defendants' conduct "rose to the level of criminal recklessness required for a constitutional violation." (Doc. 10, p. 4).

Because there are no claims that survive preliminary review, the First Amended Complaint is dismissed. The Court has given Plaintiff the opportunity to replead his claims, and he has again failed to state a claim upon which relief could be granted. Thus, the Court finds that giving Plaintiff another chance to amend would futile. *See Hukic v. Aurora Loan Servs*., 588 F.3d 420, 432 (7th Cir. 2009). Therefore, the First Amended Complaint and this entire case will be dismissed with prejudice for failure to state a claim upon which relief can sought.

**DISPOSITION**

For the reasons stated above, the First Amended Complaint and this entire action are **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted.

Plaintiff may appeal this Order by filing a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). If he does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger,* 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza,* 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockish,* 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur a "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

DATED:   October 10, 2023

 _s/Stephen P. McGlynn_
**STEPHEN P. MCGLYNN**
**United States District Judge**